158          MOORE *et al. v.* PICKETT *et al.*          [Sept. T.,

Opinion of the Court.   Syllabus.

MATTHEW MOORE *et al.*

*v.*

THOMAS J. PICKETT *et al.*

1. TRUST—*agent.* Where the owner of land which had been sold under execution, made an arrangement with his tenant to redeem the same, and the tenant took an assignment of the certificate of purchase in his own name, while acting as the agent of the owner, his landlord, and afterward procured the sheriff to make a deed to himself instead of to his principal, it seems that this in equity will constitute such agent the trustee of the principal.

2. STATUTE OF FRAUDS—*writing to take out of.* Where a party acquires title to land in trust for another and writes to such other party a letter showing

clearly that he holds the same in trust, this will be sufficient to manifest the trust as required by the statute of frauds; and where the letter fails to describe the lands, it may be shown by the facts and circumstances surrounding the case that it referred to land in dispute.

APPEAL from the Circuit Court of Tazewell County; the Hon. CHARLES TURNER, Judge, presiding.

Thomas J. Pickett was the owner of the land in controversy, which was sold in two parcels by the sheriff on execution against Pickett. The land was occupied by Matthew Moore, as the tenant of Pickett. The time for redeeming from this sale through judgment creditors expired Feb. 21, 1863. The bill alleged that, long before this Moore entered into an agreement with Pickett to redeem the land, for which the latter was to pay him the amount of the redemption money, with interest, less the amount of rent due from Moore to Pickett. Moore, as such agent, purchased the certificates of purchase, taking an assignment to himself; on Oct. 26, 1863, the sheriff executed deeds to Moore for the lands; on March 30, 1863, Moore wrote a letter to Pickett, stating that he had borrowed the money and paid it in time to save the land; that the parties wanted the money, which saved the expense of getting a judgment on Pickett under which to redeem; that the taxes would have to be paid soon; and stated at length what he had done on the place, and asked for instructions and directions, etc. The bill was filed for an account to be taken, and prayed that upon payment to Moore of the redemption money, less the rents, he be decreed to convey by deed the land, and surrender possession.

The answers set up the statute of frauds, and denied the facts stated in the bill.

The circuit court found the amount due, and directed the master in chancery to execute deed upon its payment.

Mr. B. S. PRETTYMAN and Mr. J. B. RICE, for the appellants.

Mr. C. A. ROBERTS and N. W. GREEN, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

On the 21st day of November, 1861, Thomas J. Pickett, the complainant, being the owner of the premises in question, two parcels of land situate in the county of Tazewell, the same were sold at sheriff's sale under an execution against him to two several purchasers and certificates of purchase issued to them.

The time for the redemption of the premises from the sale, as against judgment creditors, would have expired February 21, 1863, about which time the holders of the certificates assigned them to Matthew Moore, the original defendant in this suit, he then being a tenant of the premises under Pickett, and the latter a resident of the State of Kentucky. On the 26th day of February, 1863, the sheriff's deed of the premises was executed to Moore as assignee of the certificates of purchase.

The questions presented by the record are, in what capacity did Moore obtain this title, whether as purchaser for himself, or as the agent of Pickett in redeeming the property for him; and, if in the latter capacity, whether there is sufficient evidence of the fact to charge him under the statute of frauds, which is set up in the answer.

The proofs satisfactorily show that Moore, at the time he took the assignment of the certificates of purchase, was acting as the agent of Pickett in redeeming the land for him, and if so, taking the assignment in his, Moore's own name, as also the subsequent sheriff's deed, constituted him the trustee of Pickett. 1 Story Eq. Jur. § 316 ; *Dennis et al.* v. *McCagg et al.* 32 Ill. 429.

Although twelve months, the time limited for Pickett to redeem from the sale, had expired, he yet, within the fifteen months allowed for judgment creditors to redeem, might have redeemed indirectly, through the means of a judgment creditor, by having a judgment obtained against him for that purpose ; and that course seems to have been contemplated by the parties,

as appears from Moore's letter to Pickett, wherein he speaks of the holders of the certificates of purchase being glad to get their money, without his getting a judgment against Pickett in the circuit court, which saved considerable expense.

We think, too, this trust is sufficiently manifested and proved by a writing signed by Moore, as required by the statute of frauds, and that is, the letter from Moore to Pickett of the date of March 30, 1863, taken in connection with the surrounding facts and circumstances in proof. Those facts and circumstances serve to identify the subject-matter of the letter as the premises in question.

The letter, which is too lengthy for insertion here, characterizes the proceeding as a redemption and not as a purchase; it shows the existence of a previous engagement to redeem the lands; acts of Moore in respect to the land are therein submitted to Pickett for approval; he asks directions for the future in regard to the premises, and permission from Pickett to fix a division fence between them and Leonard's land. Nowhere in the letter is there an indication of any claim to the land as owner, by Moore, but on the contrary it throughout recognizes Pickett as the owner and himself as acting for Pickett, and in his behalf in redeeming the land.

The decree must be affirmed.

*Decree affirmed.*